UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ANTHONY CLARK,

        Plaintiff,                Case No. 16-CV-139

v.

CITY OF LA CROSSE/LA CROSSE POLICE DEPARTMENT,

        Defendant.

---

**DEFENDANT'S ANSWER**

---

NOW COMES the defendant, CITY OF LA CROSSE/LA CROSSE POLICE DEPARTMENT, by its attorneys, CRIVELLO CARLSON, S.C., and as and for its Answer to plaintiff's Complaint, admit, deny and affirmatively allege as follows:

JURISDICTION

Admit the description of the action, but deny there was any violation of plaintiff's rights or any violation of the law.

PROCEDURAL REQUIREMENTS

1.    In answering paragraph 1 of the Complaint, deny the timeliness of the Complaint and admit the remaining allegations contained therein.

2.    In answering paragraph 2 of the Complaint, admit the allegations contained therein.

## PARTIES

3. In answering paragraph 3 of the Complaint, reallege and incorporate paragraphs 1 and 2 of this Answer as though set forth in full herein.

4. In answering paragraph 4 of the Complaint, admit that plaintiff currently resides in, Chamblee, Georgia. In further answering said paragraph, deny the remaining allegations contained therein.

5. In answering paragraph 5 of the Complaint, deny the allegations contained therein and affirmatively allege that the City of La Crosse is a governmental entity and the City of La Crosse Police Department is not a suable entity.

## FACTS

6. In answering paragraph 6 of the Complaint, reallege and incorporate paragraphs 1 through 5 of this Answer as though set forth in full herein.

7. In answering paragraph 7 of the Complaint, admit the allegations contained therein.

8. In answering paragraph 8 of the Complaint, admit the allegations contained therein.

9. In answering paragraph 9 of the Complaint, deny the allegations contained therein.

10. In answering paragraph 10 of the Complaint, deny the allegations contained therein.

11. In answering paragraph 11 of the Complaint, including subparagraphs a through d, deny the allegations contained therein.

12. In answering paragraph 12 of the Complaint, deny the allegations contained therein.

13. In answering paragraph 13 of the Complaint, deny the allegations contained therein.

14. In answering paragraph 14 of the Complaint, deny the allegations contained therein.

15. In answering paragraph 15 of the Complaint, deny the allegations contained therein.

16. In answering paragraph 16 of the Complaint, deny the allegations contained therein.

17. In answering paragraph 17 of the Complaint, deny the allegations contained therein.

18. In answering paragraph 18 of the Complaint, deny the allegations contained therein.

19. In answering paragraph 19 of the Complaint, deny the allegations contained therein.

20. In answering paragraph 20 of the Complaint, deny the allegations contained therein.

21. In answering paragraph 21 of the Complaint, deny the allegations contained therein.

22. In answering paragraph 22 of the Complaint, deny the allegations contained therein.

23. In answering paragraph 23 of the Complaint, deny the allegations contained therein.

24. In answering paragraph 24 of the Complaint, deny the allegations contained therein.

25. In answering paragraph 25 of the Complaint, deny the allegations contained therein.

26. In answering paragraph 26 of the Complaint, deny the allegations contained therein.

27. In answering paragraph 27 of the Complaint, deny the allegations contained therein.

28. In answering paragraph 28 of the Complaint, deny the allegations contained therein.

29. In answering paragraph 29 of the Complaint, deny the allegations contained therein.

30. In answering paragraph 30 of the Complaint, deny the allegations contained therein.

31. In answering paragraph 31 of the Complaint, deny the allegations contained therein.

32. In answering paragraph 32 of the Complaint, admit that on April 21, 2014, plaintiff filed a Discrimination Complaint with the State of Wisconsin Equal Rights Division, cross filed with the Equal Employment Opportunity Commission, which assigned ERD Case No. CR201401194 and EEOC Case No. 26G201400767C. In further answering said paragraph, deny the remaining allegations contained therein.

33. In answering paragraph 33 of the Complaint, admit the allegations contained therein.

34. In answering paragraph 34 of the Complaint, deny the allegations contained therein.

35. In answering paragraph 35 of the Complaint, including subparagraphs a through e(1) – (10), deny all allegations contained therein.

36. In answering paragraph 36 of the Complaint, deny the allegations contained therein.

37. In answering paragraph 37 of the Complaint, deny the allegations contained therein.

38. In answering paragraph 38 of the Complaint, deny the allegations contained therein.

39. In answering paragraph 39 of the Complaint, deny the allegations contained therein.

40. In answering paragraph 40 of the Complaint, deny the allegations contained therein.

41. In answering paragraph 41 of the Complaint, deny the allegations contained therein.

42. In answering paragraph 42 of the Complaint, deny the allegations contained therein.

43. In answering paragraph 43 of the Complaint, deny the allegations contained therein.

44. In answering paragraph 44 of the Complaint, deny the allegations contained therein.

45. In answering paragraph 45 of the Complaint, admit that on December 15, 2014, plaintiff filed a second Discrimination Complaint with the State of Wisconsin Equal Rights Division, cross filed with the Equal Employment Opportunity Commission, which assigned ERD Case No. CR201403793 and EEOC Case No. 26G201500285C. In further answering said paragraph, deny the remaining allegations contained therein.

46. In answering paragraph 46 of the Complaint, deny the allegations contained therein.

47. In answering paragraph 47 of the Complaint, deny the allegations contained therein.

48. In answering paragraph 48 of the Complaint, admit the allegations contained therein.

49. In answering paragraph 49 of the Complaint, admit the allegations contained therein.

FIRST CAUSE OF ACTION: RACE DISCRIMINATION, 42 U.S.C. § 2000e-2(a)(1)

50. In answering paragraph 50 of the Complaint, reallege and incorporate paragraphs 1 through 49 of this Answer as though set forth in full herein.

51. In answering paragraph 51 of the Complaint, deny the allegations contained therein.

SECOND CAUSE OF ACTION: RETALIATION, 42 U.S.C. § 2000e-3

52. In answering paragraph 52 of the Complaint, reallege and incorporate paragraphs 1 through 51 of this Answer as though set forth in full herein.

53. In answering paragraph 53 of the Complaint, deny the allegations contained therein.

## CLAIMS FOR RELIEF

54. In answering paragraph 54 of the Complaint, reallege and incorporate paragraphs 1 through 53 of this Answer as though set forth in full herein.

55. In answering paragraph 55 of the Complaint, deny the allegations contained therein.

56. In answering paragraph 56 of the Complaint, deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

NOW COMES the defendant, CITY OF LA CROSSE/LA CROSSE POLICE DEPARTMENT, by its attorneys, CRIVELLO CARLSON, S.C., and as and for its separate and additional affirmative defenses, allege as follows:

57. Plaintiff's claims may be barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

58. The Complaint may fail, in whole or in part, to state claims upon which relief may be granted against the defendant.

59. The defendant is entitled to all applicable legal caps and exemptions.

60. The defendant is entitled to immunity, including discretionary and qualified immunity, for one or more allegations in the Complaint.

61. Plaintiff may have failed to exhaust all available administrative remedies.

62. Allegations and claims within the Complaint may be barred by applicable statutes of limitations.

63. Plaintiff's injuries or damages, if any, were not caused by a government policy or practice.

64. All acts of the defendant were in good faith, were based on non-retaliatory reasons and were not motivated by malice or the intent to harm.

65. Plaintiff's claim for punitive damages is not constitutional, justified or recoverable against the defendant.

66. Plaintiff may have failed to mitigate his alleged damages, if any, and may continue to do so.

67. Defendant reserves the right to plead separate and additional affirmative defenses as they become known during the course of discovery.

WHEREFORE, defendant, the CITY OF LA CROSSE/LA CROSSE POLICE DEPARTMENT, respectfully demands judgment as follows:

A. For dismissal of the plaintiff's Complaint, on the merits and with prejudice;

B. For costs and disbursements of this action;

C. For reasonable actual attorney fees per 42 U.S.C. § 1988; and

D. For such other and further relief as this court may deem just and equitable.

Dated this 29th day of April, 2016.

s/ Mary E. Nelson
MARY E. NELSON
State Bar No. 1000518
Email: mnelson@crivellocarlson.com
AMY J. DOYLE
State Bar No. 1001333
Email: adoyle@crivellocarlson.com

P.O. ADDRESS:
710 North Plankinton Avenue
Milwaukee, WI 53203
414-271-7722